Bank of Am., N.A. v Sebrow (2020 NY Slip Op 01317)





Bank of Am., N.A. v Sebrow


2020 NY Slip Op 01317


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-11034
2018-13274
 (Index No. 705798/13)

[*1]Bank of America, N.A., respondent, 
v
Avrohom Sebrow, appellant, et al., defendants.


Avrohom Sebrow, Far Rockaway, NY, appellant pro se.
Bryan Cave LLP, New York, NY (Suzanne M. Berger and Elizabeth J. Goldberg of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Avrohom Sebrow appeals from (1) an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered September 20, 2016, and (2) a judgment of foreclosure and sale of the same court entered September 28, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Avrohom Sebrow and dismissing that defendant's affirmative defenses, and for an order of reference. The judgment of foreclosure and sale, upon the order entered September 20, 2016, inter alia, directed the sale of the subject property.



DECISION & ORDER
Motion by the plaintiff, inter alia, to dismiss the appeal from the order on the ground that the right of direct appeal therefrom terminated upon entry of the judgment of foreclosure and sale. By decision and order on motion of this Court dated February 6, 2019, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the order is granted; and it is further,
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, without costs or disbursements, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Avrohom Sebrow and dismissing that defendant's affirmative defenses, except for the eighteenth affirmative defense, and for an order of reference are denied, and the order entered September 20, 2016, is modified accordingly.
The appeal from the order must be dismissed because the right of direct appeal [*2]therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
In 2004, the defendant Avrohom Sebrow (hereinafter the defendant) borrowed the sum of $315,000 from Fairmont Funding, Ltd. (hereinafter Fairmont), and the loan was secured by a mortgage on certain real property located in Queens.
In December 2013, the plaintiff commenced this foreclosure action against, among others, the defendant, alleging that he had defaulted under the terms of the note and mortgage agreement. The complaint alleged that the plaintiff was "the current owner and holder of the subject mortgage and note," notwithstanding that the plaintiff was, in actuality, the loan servicer. Attached to the complaint was an affidavit of lost note of Jonnishia Brooks-Sims, an assistant vice president of the plaintiff, dated December 20, 2012, and a photocopy of the note, endorsed in blank by Fairmont. In her affidavit, Brooks-Sims averred that she had personal knowledge of the plaintiff's "procedures for the safekeeping and retrieval of original notes serviced by [the plaintiff] on behalf of the note holder and [the plaintiff's] lost note procedures for determining that an original note is lost." Brooks-Sims further stated that the plaintiff's "lost note procedures were followed in determining that the Note has been lost and that a good faith effort was made to locate the lost note in accordance with such procedures." Brooks-Sims stated that the plaintiff "or its predecessor (as servicer or by merger) or the custodian" acquired possession of the note on or before August 10, 2004, and that "possession of the note cannot reasonably be obtained because the [n]ote has been lost due to destruction, theft, or otherwise."
The defendant interposed a pro se answer asserting, inter alia, various affirmative defenses, including that the plaintiff lacked standing (third affirmative defense), that the plaintiff was "not the owner or holder in due course of the original Note" (fourteenth affirmative defense), and that the plaintiff "did not serve an adequate notice of intent, and/or an adequate description of the default in the notice of intent" (eighteenth affirmative defense). Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's affirmative defenses, and for an order of reference. In support of its motion, the plaintiff submitted the affidavit of Suhala Begum, an assistant vice president employed by the plaintiff, wherein she admitted that "Fannie Mae . . . has owned the Loan since August 12, 2004," and that the plaintiff "or its predecessor . . . has been the servicer of the Loan for [Fannie Mae] since April 21, 2005." By order entered September 20, 2016, the Supreme Court granted the plaintiff's motion, and, that same date, issued an order of reference appointing a referee to compute the amount due and owing to the plaintiff. On September 28, 2018, the court entered a judgment of foreclosure and sale. The defendant appeals.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Where, as here, a defendant has challenged the plaintiff's standing in a foreclosure action, a plaintiff must also demonstrate that it was the holder or assignee of the note at the time the action was commenced (see U.S. Bank N.A. v Rose, 165 AD3d 1310; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754). Pursuant to UCC 3-804, "[t]he owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his [or her] own name and recover from any party liable thereon upon due proof of his [or her] ownership, the facts which prevent his [or her] production of the instrument and its terms."
At the outset, the defendant argues that the plaintiff was not entitled to maintain this action pursuant to UCC 3-804 in light of the plaintiff's admission that it was the loan servicer, and not the owner of the lost note. Contrary to the plaintiff's assertion, although this contention is raised for the first time on appeal, it may be reached because it involves a question of law that is apparent [*3]on the face of this record and could not have been avoided by the Supreme Court if it had been brought to its attention (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824).
"A holder' is the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684, quoting UCC 1-201[b][21][A]; see Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636, 638; Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376). "Where the note has been indorsed in blank, the holder must establish its standing by demonstrating that the original note was physically in its possession at the time of the commencement of the action" (OneWest Bank, N.A. v FMCDH Realty, Inc., 165 AD3d 128, 131; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 685; U.S. Bank, N.A. v Collymore, 68 AD3d at 754). Unlike UCC 3-301, which permits "[t]he holder of an instrument whether or not he [or she] is the owner . . . [to] enforce payment in his [or her] own name," UCC 3-804 expressly bestows only upon an "owner of an instrument which is lost" the right to "maintain an action in his [or her] own name and recover from any party liable thereon" (UCC 3-804; see Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044). Since the plaintiff is indisputably not the owner of the note, pursuant to the plain language of UCC 3-804, the plaintiff was not entitled to maintain this action "in [its] own name" to enforce the lost note against the defendant.
In any event, even if the plaintiff were permitted to maintain this action, the lost note affidavit failed to sufficiently establish the facts that prevent the production of the original note inasmuch as the plaintiff "failed to identify who conducted the search for the lost note and failed to explain when or how the note was lost'" (U.S. Bank Trust, N.A. v Rose, 176 AD3d 1012, 1015 [citation omitted], quoting Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d at 1045; see U.S. Bank N.A. v Cope, 175 AD3d 527, 529; US Bank N.A. v Richards, 155 AD3d 522, 524). Furthermore, given that this action was commenced more than one year after the lost note affidavit was prepared, the plaintiff failed to establish, prima facie, its standing to commence this action by demonstrating that it was in physical possession of the note, endorsed in blank, when it commenced this action (see OneWest Bank, N.A. v FMCDH Realty, Inc., 165 AD3d at 131; cf. Nationstar Mtge., LLC v Danzig, 173 AD3d 883, 884; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203; Nationstar Mtge., LLC v Medley, 168 AD3d 959, 961).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's third and fourteenth affirmative defenses, and for an order of reference (see U.S. Bank Trust, N.A. v Rose, 176 AD3d at 1015; Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d at 1044-1045).
However, contrary to the defendant's contention, the plaintiff's submissions demonstrated, prima facie, that it complied with the mailing requirements of RPAPL 1304, and the defendant failed to raise a triable issue of fact in opposition (see HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 670-671; Citimortgage, Inc. v Borek, 171 AD3d 848, 850; HSBC Bank USA, N.A. v Oczan, 154 AD3d at 827). The plaintiff also established, prima facie, that it complied with section 22 of the mortgage agreement, which required service of a specified default notice as a condition precedent to acceleration of the loan, and the defendant failed to raise a triable issue of fact in opposition (see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308; HSBC Bank USA, N.A. v Oczan, 154 AD3d at 827). Accordingly, construing the defendant's eighteenth affirmative defense as alleging a failure to comply with RPAPL 1304 and a failure to comply with a condition precedent set forth in the subject mortgage agreement, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment dismissing that affirmative defense. The defendant's additional contention that the plaintiff failed to comply with the condition precedent set forth in RPAPL 1306, which was not raised before the Supreme Court, is not properly before this Court on appeal (see 40 BP, LLC v Katatikarn, 147 AD3d 710, 711).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court