U.S. Bank N.A. v Kohanov (2020 NY Slip Op 07242)





U.S. Bank N.A. v Kohanov


2020 NY Slip Op 07242


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-04223
 (Index No. 706366/15)

[*1]U.S. Bank National Association, etc., respondent,
v
George Kohanov, appellant, et al., defendants.


Menashe & Associates, LLP, Montebello, NY (Shoshana Schneider of counsel), for appellant.
Woods Oviatt Gilman, LLP (Reed Smith, LLP, New York, NY [Andrew B. Messite and Kerren B. Zinner], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant George Kohanov appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered February 26, 2018. The order, insofar as appealed from, upon a decision of the same court dated December 20, 2016, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant George Kohanov, to strike that defendant's answer, and to appoint a referee to ascertain and compute the amount due and owing to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant George Kohanov, to strike that defendant's answer, and to appoint a referee to ascertain and compute the amount due and owing to the plaintiff are denied.
On September 7, 2005, the defendant George Kohanov (hereinafter the defendant) executed a note in favor of Meridian Residential Capital, LLC, in the sum of $455,000. The note was secured by a mortgage on real property located in Flushing. On June 5, 2015, by corrective assignment, Mortgage Electronic Registration Systems, Inc., as nominee for Meridian Residential Capital, LLC, assigned the mortgage to the plaintiff. On June 18, 2015, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. The plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and to appoint a referee to compute the amount due and owing to the plaintiff. The defendant cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar asserted against him. In a decision dated December 20, 2016, the Supreme Court determined that the plaintiff's motion should be granted and the defendant's cross motion should be denied. In an order entered February 26, 2018, the court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to ascertain and compute the amount due and owing to the plaintiff. The defendant appeals.
"[I]n a residential foreclosure action, a plaintiff moving for summary judgment must tender sufficient evidence demonstrating the absence of material issues as to its strict compliance [*2]with RPAPL 1304" (U.S. Bank N.A. v Henderson, 163 AD3d 601, 602 [internal quotation marks omitted]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (id. at 602 [internal quotation marks omitted]). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower[ ] . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The notice "shall be sent by such lender, assignee (including purchasing investor) or mortgage loan servicer to the borrower, by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (RPAPL 1304[2]). "Notice is considered given as of the date it is mailed" (RPAPL 1304[2]).
"By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing" (Everbank v Greisman, 180 AD3d 758, 760). Proof of the requisite mailing "can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (id. at 760). "There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (U.S. Bank N.A. v Goldberg, 171 AD3d 981, 982 [internal quotation marks omitted]). "[M]ailing may be proved by any number of documents meeting the requirements of the business records exception to the hearsay rule under CPLR 4518" (id. at 982 [internal quotation marks omitted]).
Here, we disagree with the Supreme Court's determination that the plaintiff established, prima facie, that it strictly complied with RPAPL 1304. In support of its motion, the plaintiff submitted the affidavit of DiMario Abrams, a vice president for the plaintiff's loan servicer, as well as copies of the notices and the envelopes in which the notices were allegedly mailed. Abrams did not purport to have personal knowledge of the actual mailing of the notices pursuant to RPAPL 1304, he did not purport to have personal knowledge of the mailing procedures utilized by the plaintiff's loan servicer, and he did not lay a proper foundation under the business records exception to the hearsay rule with respect to the notices and envelopes attached to his affidavit (see Everbank v Greisman, 180 AD3d at 760; U.S. Bank N.A. v Goldberg, 171 AD3d at 982). Moreover, even if the records attached to his affidavit were admissible, they did not establish strict compliance with RPAPL 1304 (see RPAPL 1304[2]). The plaintiff's attempt to submit additional evidence in its reply papers in further support of its motion was improper and should not have been considered by the court (see Lee v Law Offs. of Kim & Bae, P.C., 161 AD3d 964, 965; Board of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc., 111 AD3d 776, 777; Matter of Allstate Ins. Co. v Dawkins, 52 AD3d 826, 827). In any event, the evidence that the plaintiff submitted in reply did not establish strict compliance with RPAPL 1304.
The plaintiff similarly failed to establish, prima facie, that it had delivered the required notice of default in accordance with paragraphs 15 and 22 of the mortgage. Abrams failed to lay a proper foundation under the business records exception to the hearsay rule with respect to the alleged notice of default and envelope attached to his affidavit (see US Bank N.A. v Hunte, 176 AD3d 894, 896). Moreover, there was no indication that those records were delivered as required by paragraphs 15 and 22 of the mortgage.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Bank of Am., N.A. v Sebrow, 180 AD3d 982, 984 [internal quotation marks omitted]). Where "a defendant has challenged the plaintiff's standing in a foreclosure action, a plaintiff must also demonstrate that it was the holder or assignee of the note at the time the action was commenced" (id. at 984). "Either a written assignment of the underlying note or the physical [*3]delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (id. [internal quotation marks omitted]). Pursuant to UCC 3-804, "[t]he owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in [its] own name and recover from any party liable thereon upon due proof of [its] ownership, the facts which prevent [its] production of the instrument and its terms."
Here, we disagree with the Supreme Court's determination that the plaintiff established, prima facie, that it had standing to commence this action. The plaintiff submitted a lost note affidavit prepared by Dereje D. Badada, a vice president for its loan servicer. According to that affidavit, the note had "been inadvertently lost, misplaced or destroyed," and the loan servicer had "not pledged, assigned, transferred, hypothecated or otherwise disposed of the note." There was no allegation in the lost note affidavit that the note had ever been delivered or assigned to the plaintiff, nor were there any details regarding when or how the note was lost, who searched for the note, or when they searched for the note. Therefore, the lost note affidavit did not establish the plaintiff's ownership of the note or the facts preventing it from producing the note (see UCC 3-804; Wells Fargo Bank, N.A. v Meisels, 177 AD3d 812, 814-815).
Accordingly, the Supreme Court should have denied the plaintiff's motion regardless of the sufficiency of the defendant's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court