U.S. Bank Natl. Assn. v Ioannides (2021 NY Slip Op 01812)





U.S. Bank Natl. Assn. v Ioannides


2021 NY Slip Op 01812


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

525964

[*1]U.S. Bank National Association, as Trustee, Respondent,
v
Yiannakis C. Ioannides, Appellant.

Calendar Date: February 8, 2021

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.


Yiannakis C. Ioannides, New York City, appellant pro se.
McCalla Raymer Leibert Pierce, LLC, New York City (Charles Jeanfreau of counsel), for respondent.



Clark, J.
Appeal from an order of the Supreme Court (Mott, J.), entered February 10, 2017 in Columbia County, which, among other things, granted plaintiff's motion for summary judgment.
In 2005, defendant executed a promissory note that was secured by a mortgage on certain real property in the City of Hudson, Columbia County. In 2012, following defendant's default on the mortgage, plaintiff commenced this action to foreclose on the mortgage. Defendant, acting pro se, joined issue and asserted various affirmative defenses, including lack of standing and personal jurisdiction due to improper service. Plaintiff thereafter moved for summary judgment. Supreme Court denied the motion, finding that a question of fact existed on the issue of standing, and later denied plaintiff's motion to reargue or renew. In 2016, plaintiff sent discovery demands to defendant, including a notice to admit, which asked defendant to admit, among other things, that he had executed the subject note and mortgage, that he had defaulted on his obligations under the note and mortgage and that he had received certain 90-day pre-foreclosure notices. After defendant failed to respond to the notice to admit, plaintiff once again moved for summary judgment. Then represented by counsel, defendant opposed the motion and cross-moved for dismissal of the complaint based upon, among other things, improper service of the summons and complaint. Supreme Court granted plaintiff's motion for summary judgment and denied defendant's cross motion, prompting this appeal by defendant.
Defendant argues that Supreme Court should have granted his cross motion for dismissal of the complaint based upon improper service. However, although defendant raised the defense of improper service in his answer, as Supreme Court properly concluded, defendant waived the defense by thereafter failing to move for dismissal of the complaint on that ground within 60 days of serving his answer (see CPLR 3211 [e]). Although Supreme Court did not address defendant's request for an extension of the 60-day time period, we find that defendant failed to make the requisite showing of "undue hardship" to warrant such extension (CPLR 3211 [e]; see Reyes v Albertson, 62 AD3d 855, 855 [2009]; Thompson v Cuadrado, 277 AD2d 151, 152 [2000]). Contrary to defendant's assertions, the decision to proceed pro se for a portion of this action did not prevent him from moving for dismissal of the complaint within the statutorily prescribed time frame and, thus, does not amount to undue hardship (see generally Abitol v Schiff, 180 Misc 2d 949, 950-951 [1999], mod 276 AD2d 571 [2000]). Therefore, we will not disturb Supreme Court's denial of defendant's cross motion for dismissal of the complaint based upon improper service.
Defendant also challenges Supreme Court's determination to grant plaintiff's second motion for summary judgment. Initially, although successive motions for summary judgment are generally disfavored (see e.g. U.S. [*2]Bank N.A. v Shaughnessy, 178 AD3d 1324, 1326 [2019]; Keating v Town of Burke, 105 AD3d 1127, 1128 [2013]), we agree with Supreme Court that defendant admitted his debt, his default thereon and his receipt of the 90-day pre-foreclosure notices by failing to respond to the notice to admit (see CPLR 3123 [a]) and that such admissions constituted new evidence permitting the second motion for summary judgment (see Foster v Kelly, 119 AD3d 1250, 1251 [2014]; Wenger v Goodell, 288 AD2d 815, 816 [2001], lv denied 98 NY2d 605 [2002]). Accordingly, we discern no abuse of discretion in Supreme Court's determination to entertain plaintiff's second summary judgment motion (see U.S. Bank N.A. v Shaughnessy, 178 AD3d at 1326; Green Harbour Homeowners Assn., Inc. v Ermiger, 128 AD3d 1142, 1143 [2015]).
Turning to the merits, "[t]o establish entitlement to summary judgment in a foreclosure action, a plaintiff must produce evidence of the mortgage and unpaid note along with proof of the mortgagor's default" (Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]; see Citibank, NA v Abrams, 144 AD3d 1212, 1214 [2016]). Where, as here, a defendant raises standing as an affirmative defense, the plaintiff must also establish its standing by submitting proof that it was the holder or assignee of both the mortgage and the note at the time that the action was commenced (see Wells Fargo Bank, N.A. v Pauley, 172 AD3d 1559, 1560 [2019]; U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d 1169, 1171 [2019]). Because the note is the dispositive instrument conferring standing to foreclose (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]), "[e]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (Onewest Bank, F.S.B. v Mazzone, 130 AD3d 1399, 1400 [2015] [internal quotation marks and citations omitted]; see Goldman Sachs Mtge. Co. v Mares, 166 AD3d 1126, 1129 [2018]).
In support of its motion for summary judgment, plaintiff relied upon defendant's admissions regarding the underlying debt and his default thereon, as well as the affidavits of Diondra Doublin, a document execution specialist for the mortgage loan servicer, and Kyra Schwartz, an employee of plaintiff's attorney. Doublin asserted that defendant defaulted on his obligations under the note and mortgage beginning in January 2010. Additionally, based upon her review of computerized records created and maintained in the regular course of her employer's business as the loan servicer, Doublin attested that plaintiff's prior loan servicer received physical possession of the original note, endorsed in blank, on March 7, 2010, that it was "shipped" to plaintiff's attorney "in or around August 2011" and that plaintiff's attorney physically possessed the note when the action was commenced in February 2012. Schwartz similarly attested that, based upon her review of a computer [*3]entry created and maintained in the ordinary course of her employer's business, which she attached to her affidavit, plaintiff's attorney came into physical possession of the note on August 30, 2011. She further asserted that plaintiff's attorney maintains the note in storage and that she compared the copy of the note attached to her affidavit with the original note and found it to be "true and accurate." Together, the foregoing evidence constituted prima facie proof of defendant's debt and default thereon, as well as plaintiff's standing through its physical possession of the note at the time this action was commenced (see U.S. Bank N.A. v Tecler, 188 AD3d 1320, 1321-1322 [2020]; Bank of N.Y. Mellon v Rutkowski, 148 AD3d 1341, 1342 [2017]).
The burden thus shifted to defendant "to establish, through competent and admissible evidence, the existence of a viable defense to [his] alleged default or a material issue of fact" (JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1200 [2017]; accord Deutsche Bank Natl. Trust Co. v LeTennier, 189 AD3d 2022, 2024 [2020]). Defendant, however, failed to do so. As such, Supreme Court properly granted plaintiff's motion for summary judgment (see Green Tree Servicing LLC v Bormann, 157 AD3d 1112, 1116 [2018]; Bank of N.Y. Mellon v Rutkowski, 148 AD3d at 1343).
To the extent that we have not addressed any of defendant's remaining contentions, they have been reviewed and found to be lacking in merit.
Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.