Hummel v Cilici, LLC (2022 NY Slip Op 01690)





Hummel v Cilici, LLC


2022 NY Slip Op 01690


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


875 CA 20-01319

[*1]JOHN HUMMEL, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ELEANOR HUMMEL, DECEASED, PLAINTIFF-APPELLANT,
v
CILICI, LLC, DEFENDANT-RESPONDENT. 






DAVID M. KAPLAN, HORSEHEADS, FOR PLAINTIFF-APPELLANT. 
KNUCKLES, KOMOSINSKI & MANFRO, LLP, ELMSFORD (JOHN E. BRIGANDI OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Livingston County (Thomas E. Moran, J.), entered September 14, 2020. The order granted the motion of defendant to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first cause of action in the amended complaint insofar as it seeks a declaration pursuant to RPAPL article 15 concerning defendant's interest in and right to foreclose upon the property at issue and granting judgment in favor of plaintiff as follows:
It is ADJUDGED and DECLARED that defendant has no enforceable interest in the property known as 5489 Federal Road, Conesus, New York 14435, and that defendant and every person claiming under defendant, by title accruing after the filing of the judgment roll, is forever barred from asserting such a claim,
and as modified the order is affirmed without costs.
Memorandum: Defendant claims to hold a mortgage on certain real property owned by the estate of plaintiff's decedent. It is undisputed that the underlying promissory note was lost at some point between October 2011 and June 2015 while in the custody of its holder, nonparty Omat I Reo Holdings, LLC (Omat). It is also undisputed that defendant is not now, and has never been, in physical possession of the original promissory note.
Plaintiff commenced the instant action against defendant following the dismissal, without prejudice, of two successive foreclosure actions against plaintiff. In his first cause of action, plaintiff sought to quiet title to the subject property—i.e., to "compel the determination of any claim [to real property] adverse to that of . . . plaintiff which . . . defendant makes, or . . . might make" (RPAPL 1501 [1]; see RPAPL 1501 [5])—by means of, inter alia, a declaration under RPAPL 1521 (1) that defendant does not own the note underlying the mortgage on the subject property and thus has no enforceable interest in the subject property, i.e., that defendant lacks standing to foreclose. Plaintiff's second cause of action sought, inter alia, a similar declaration under CPLR 3001.
Defendant moved to dismiss the amended complaint under CPLR 3211 (a) (1) and (7). Supreme Court granted the motion, and plaintiff now appeals.
Preliminarily, we reject defendant's contention that the order appealed from was entered on default and hence is not appealable. The order does not purport to have been entered on [*2]plaintiff's default, and there is no reason to infer that the order was entered on default by virtue of its passing reference to the fact that plaintiff's lawyer did not appear at oral argument. Moreover, plaintiff timely opposed defendant's motion on the merits, and his lawyer's failure to appear for oral argument on a fully briefed motion would not constitute a default in the absence of unusual circumstances not present here (see All State Flooring Distribs., L.P. v MD Floors, LLC, 131 AD3d 834, 835 [1st Dept 2015]; cf. Britt v Buffalo Mun. Hous. Auth., 109 AD3d 1195, 1196 [4th Dept 2013]).
On the merits, we agree with plaintiff that defendant's evidentiary submissions do not warrant the dismissal of the amended complaint under either CPLR 3211 (a) (1) or (7) (see generally Lots 4 Less Stores, Inc. v Integrated Props., Inc., 152 AD3d 1181, 1182-1183 [4th Dept 2017]). Indeed, defendant's evidentiary submissions actually establish conclusively that defendant lacks standing to foreclose, i.e., lacks an enforceable interest in the subject property. We therefore modify the order accordingly, and we issue a declaration in plaintiff's favor (see generally Matter of Kerri W.S. v Zucker, 202 AD3d 143, 153-155 [4th Dept 2021]). Our reasoning is as follows.
An entity has standing to foreclose a mortgage if "it [is] either the holder of, or the assignee of, the underlying note" (Deutsche Bank Natl. Trust Co. v Gulati, 188 AD3d 999, 1000 [2d Dept 2020] [internal quotation marks omitted]; see Aurora Loan Services, LLC v Taylor, 25 NY3d 355, 361 [2015]; Wells Fargo Bank N.A. v Ho-Shing, 168 AD3d 126, 131 [1st Dept 2019]). Here, defendant lacks noteholder standing because the promissory note upon which defendant relies is neither endorsed in blank nor specially endorsed to defendant (see U.S. Bank N.A. v Moulton, 179 AD3d 734, 737 [2d Dept 2020]; McCormack v Maloney, 160 AD3d 1098, 1100 [3d Dept 2018], lv dismissed 32 NY3d 1185 [2019]; see generally UCC 3-202 [1], [2]; 3-204). To the contrary, the version of the note upon which defendant relies is specially endorsed to Omat (see UCC 3-204 [3]). Moreover, even had the note been endorsed in blank or specially endorsed to defendant, defendant's admitted failure to physically possess the original note would independently preclude it from foreclosing as a noteholder (see U.S. Bank Trust, N.A. v Rose, 176 AD3d 1012, 1014-1015 [2d Dept 2019]; McCormack, 160 AD3d at 1099-1100; see generally Residential Credit Solutions, Inc. v Gould, 171 AD3d 638, 640 [1st Dept 2019]; Bank of N.Y. Mellon v Anderson, 151 AD3d 1926, 1928 [4th Dept 2017]).
Nor does defendant have assignee standing. The affidavits submitted on defendant's behalf do not aver that the subject note was ever assigned to defendant, and "there is not a scintilla of proof in the record that the note was []assigned to [defendant]" at any point (McCormack, 160 AD3d at 1099; see U.S. Bank Trust, N.A., 176 AD3d at 1015; cf. Capital One, N.A. v Gokhberg, 189 AD3d 978, 978 [2d Dept 2020]; Cenlar FSB v Glauber, 188 AD3d 1141, 1143 [2d Dept 2020]). In fact, defendant's evidentiary submissions—including the affidavit of Omat's attorney—demonstrate conclusively that the note was not "transferred" to anyone beyond Omat, much less to defendant. Contrary to defendant's contention, Omat's assignment of the mortgage—but not the note—in August 2015 was ineffective to transfer any interest in the underlying debt and thus did not confer standing to foreclose upon Omat's assignee or its subsequent assigns (see Merritt v Bartholick, 36 NY 44, 45 [1867]; Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59 [2d Dept 2015]; Bank of N.Y. v Silverberg, 86 AD3d 274, 280 [2d Dept 2011]; see generally Aurora Loan Services, LLC, 25 NY3d at 361). Contrary to defendant's further contention, a 2020 asset purchase agreement between itself and an entity called Cerastes LLC did not transfer any interest in the underlying debt such that defendant thereby acquired assignee standing to foreclose. Indeed, the agreement does not even purport to transfer or assign the subject note to defendant (see McCormack, 160 AD3d at 1099-1100), and even if it did, the agreement would have been void to that extent as an ineffective assignment of something that Cerastes did not and could not have owned given Omat's retention of the subject note (see Matter of International Ribbon Mills [Arjan Ribbons], 36 NY2d 121, 126 [1975]; Silverberg v Bank of N.Y. Mellon, 165 AD3d 1193, 1194-1195 [2d Dept 2018]).
Contrary to defendant's further contention, UCC 3-804 is inapplicable under these circumstances. UCC 3-804 is available only to the "owner" of a lost instrument, and because defendant's own submissions show conclusively that it was never the assignee or holder of the subject note, defendant is not and never has been the "owner" of that note for purposes of UCC 3-804 (see U.S. Bank N.A. v Kohanov, 189 AD3d 921, 924 [2d Dept 2020]; U.S. Bank Trust, N.A., 176 AD3d at 1014-1016; cf. Capital One, N.A., 189 AD3d at 978-979; Bank of N.Y. Mellon [*3]v Hardt, 173 AD3d 1125, 1126-1127 [2d Dept 2019]; see also Bank of Am., N.A. v Sebrow, 180 AD3d 982, 983-985 [2d Dept 2020]; Weiss v Phillips, 157 AD3d 1, 8 [1st Dept 2017]).
Finally, inasmuch as an action to quiet title pursuant to RPAPL article 15 is a proper procedural vehicle for determining defendant's standing to foreclose (see RPAPL 1501 [1], [5]; see e.g. Ditech Fin. LLC v Levine, 176 AD3d 1521, 1521-1523 [3d Dept 2019]; East Riv. Mtge. Corp. v OneWest Bank, N.A., 172 AD3d 515, 515-517 [1st Dept 2019]; but see Wood v Villanueva, 175 AD3d 1465, 1467 [2d Dept 2019]; see generally RPAPL 1515 [1] [b]; RPAPL 1521 [1]; RPAPL 1551), and given that a successful RPAPL article 15 action produces a declaration in the plaintiff's favor (see RPAPL 1521 [1]), we conclude that declaratory relief under CPLR 3001 is unnecessary for present purposes (see Bennett v Vonder Bosch, 26 App Div 311, 313 [2d Dept 1898], appeal dismissed 155 NY 693 [1898]). Thus, on that basis alone, we reject plaintiff's challenge to the dismissal of the second cause of action (see generally Niagara Falls Water Bd. v City of Niagara Falls, 64 AD3d 1142, 1144 [4th Dept 2009]).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court