Wilmington Sav. Fund Socy., FSB v LaFrate (2023 NY Slip Op 01824)

Wilmington Sav. Fund Socy., FSB v LaFrate

2023 NY Slip Op 01824

Decided on April 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 6, 2023

534804
[*1]Wilmington Savings Fund Society, FSB, as Trustee, Respondent,
v
Thomas F. LaFrate, Defendant, and Guardian Preservation LLC, Appellant.

Calendar Date:February 23, 2023

Before:Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ.

Sandra S. Poland Demars, Albany, for appellant.
Margolin, Weinreb & Nierer, LLP, Syosset (Owen M. Robinson of counsel), for respondent.

Fisher, J.
Appeal from an order of the Supreme Court (Thomas D. Buchanan, J.), entered January 18, 2022 in Schenectady County, which, among other things, granted plaintiff's motion for summary judgment against defendant Guardian Preservation LLC.
In 2007, defendant Thomas F. LaFrate executed a promissory note to borrow a sum of money secured by a mortgage on real property located in Warren County. In December 2013, LaFrate defaulted on his obligation to pay under the loan and, months later, transferred his interest in the subject property to defendant Guardian Preservation LLC. In September 2014, following the first assignment of the mortgage, Ocwen Loan Servicing, LLC commenced this mortgage foreclosure action against LaFrate. After at least two other assignments, the mortgage was ultimately assigned to plaintiff and, despite not being served or named in the caption, Guardian Preservation served an answer admitting the underlying debt and the default thereon. Guardian Preservation also asserted several affirmative defenses including lack of standing. Thereafter, plaintiff moved for summary judgment, which was denied by Supreme Court on the grounds that the affidavit claiming possession of the original note was "bare" and "ambiguous." Plaintiff filed a second motion for summary judgment, which was opposed by Guardian Preservation on several grounds including lack of standing. Without a decision, Supreme Court issued an order granting plaintiff's motion for summary judgment. Guardian Preservation appeals.
In order "to establish entitlement to summary judgment in a foreclosure action, a plaintiff must produce evidence of the mortgage and unpaid note along with proof of the mortgagor's default" (U.S. Bank N.A. v Ioannides, 192 AD3d 1405, 1407 [3d Dept 2021] [internal quotation marks, brackets and citation omitted]). Where, as here, a defendant raises standing as an affirmative defense, the plaintiff has the additional burden of demonstrating its standing in order to be entitled to relief (see Bayview Loan Servicing, LLC v Freyer, 192 AD3d 1421, 1422 [3d Dept 2021]; Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1076 [3d Dept 2017], lv dismissed 33 NY3d 1128 [2019]). A plaintiff demonstrates standing in a mortgage foreclosure action by establishing that "it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (Bayview Loan Servicing, LLC v Freyer, 192 AD3d at 1422 [internal quotation marks and citations omitted]; see Deutsche Bank Natl. Trust Co. v LeTennier, 189 AD3d 2022, 2023 [3d Dept 2020]). "With respect to the note, either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1200 [3d Dept 2017] [internal quotation marks, brackets and citations omitted]; see U.S. Bank Trust, N.A. v Moomey-Stevens[*2], 168 AD3d 1169, 1172 [3d Dept 2019]).Since the note is the dispositive document, "if the plaintiff demonstrates that it is the owner or holder of the note, the mortgage passes with the debt as an inseparable incident" (Deutsche Bank Natl. Trust Co. v LeTennier, 189 AD3d at 2023 [internal quotation marks and citations omitted]; see U.S. Bank, N.A. v Tecler, 188 AD3d 1320, 1322 [3d Dept 2020]).
In support of its motion for summary judgment, plaintiff relied upon Guardian Preservation's admissions regarding the underlying debt and its default thereon, as well as the affidavit of Daniel Delpesche, a contract management coordinator of PHH Mortgage Corporation, which is the successor by merger to Ocwen Loan Servicing, LLC. Based upon his review of the computerized records created and maintained in the regular course of his employer's business as the "prior servicer" of this foreclosure action, Delpesche attested that plaintiff received physical possession of the original note with endorsements on April 9, 2014 — prior to the commencement of this action. According to plaintiff's moving attorney affirmation, attached to Delpesche's affidavit is a copy of the records relied upon in making his statements, which consists of two screenshots purporting to contain information related to LaFrate's loan.
However, we agree with Guardian Preservation that this proffer is — just like plaintiff's first motion for summary judgment — bare, ambiguous and also conclusory. Other than alleging that he reviewed the electronic records that were kept in the normal course of business, Delpesche failed to provide details with regard to how plaintiff came into possession of the note (see U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d at 1173). Although plaintiff's moving attorney affirmation claims that Delpesche relied upon the screenshot exhibit in making his statements, Delpesche does not reference such exhibit in his affidavit as an attachment — unlike the other exhibit that he does expressly reference. Our review of the exhibit reveals two screenshots that are overlaid together on one page, each containing a margin that is not in numeric order. Neither screenshot contains any information that identifies LaFrate's loan or the mortgage originator who was purportedly transferring the promissory note to Ocwen Loan Servicing, LLC. Neither plaintiff's moving attorney affirmation nor Delpesche's affidavit explain the codes or numbers on the entries in the screenshot — which do not match the numbers on the note, mortgage or notices sent to LaFrate that appear in the record. Nor did either submission demonstrate how these numbers otherwise relate to or identify LaFrate's loan information.
At oral argument, plaintiff's counsel admitted that he also could not identify LaFrate's loan information from the screenshots and that he could not determine whether Delpesche had actually relied on the screenshots in making his statements. Counsel further conceded that, without this screenshot [*3]exhibit, an affidavit of possession which merely claims to have reviewed the electronic record and indicates that the note was held at the time of commencement is "probably not" sufficient to confer standing. Accordingly, because standing cannot be resolved as a matter of law on this record, it was an error for Supreme Court to grant plaintiff's motion for summary judgment (see Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1377 [3d Dept 2015]; see also U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d at 1173; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2d Dept 2009]).[FN1] Based on our holding, Guardian Preservation's remaining contentions have been rendered academic.
Lynch, J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the order is modified, on the law, with costs to defendant Guardian Preservation LLC, by reversing so much thereof as granted plaintiff's motion for summary judgment against defendant Guardian Preservation LLC; motion denied to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1: To the extent that plaintiff argues that Guardian Preservation had failed to respond to a notice to admit and, as a result, admitted that defendant knew plaintiff had possession of the note at the time of commencement, this is outside the record and was not raised before Supreme Court.