United Wholesale Mtge., LLC v Smith (2025 NY Slip Op 02117)

United Wholesale Mtge., LLC v Smith

2025 NY Slip Op 02117

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

CV-24-0017
[*1]United Wholesale Mortgage, LLC, Respondent,
v
Theodore Smith, Also Known as Theodore R. Smith, et al., Defendants, and Prime Property Protection, LLC, Appellant.

Calendar Date:February 20, 2025

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ.

Sandra Poland Demars, Albany, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York City (Harold Kofman of counsel), for respondent.

Fisher, J.
Appeal from an order of the Supreme Court (Thomas Buchanan, J.), entered November 21, 2023 in Schenectady County, which, among other things, granted plaintiff's motion for summary judgment against defendant Prime Property Protection, LLC.
In February 2020, defendants Theodore Smith and Debra Smith (hereinafter collectively referred to as the Smiths) executed a note to borrow a certain sum from plaintiff. Such note was secured by a mortgage on real property located in the City of Schenectady, executed by the Smiths in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for plaintiff. The Smiths defaulted on payments in November 2020 and subsequently transferred title to defendant Prime Property Protection, LLC (hereinafter Prime). MERS then assigned the mortgage to plaintiff in June 2021, and plaintiff commenced this mortgage foreclosure action in December 2022. Only Prime answered the complaint, primarily challenging plaintiff's standing to commence this action. Thereafter, Supreme Court granted plaintiff's motion for summary judgment.[FN1] Prime appeals.
When a defendant raises a standing defense in a mortgage foreclosure action, the plaintiff is required to show, as a matter of law, that it has standing in order to be entitled to foreclose (see JP Morgan Chase Bank, N.A. v Caliguri, 36 NY3d 953, 954 [2020], cert denied 595 US ___, 142 S Ct 110 [2021]; Wilmington Sav. Fund Socy., FSB v LaFrate, 215 AD3d 1023, 1024 [3d Dept 2023]). A plaintiff may establish standing where it is "the holder or assignee of both the mortgage and the note at the time that the action was commenced" (U.S. Bank Natl. Assoc. v Ioannides, 192 AD3d 1405, 1407 [3d Dept 2021]). Although "[h]older status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff" (Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [3d Dept 2015]), "merely attaching the note with a blank indorsement to the complaint is not sufficient for [a] plaintiff to meet its prima facie burden on the issue of standing or to prove [the] plaintiff's possessory interest in the note" (U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d 1169, 1172 [3d Dept 2019]; see Towd Point Mtge. Trust 2015-5, U.S. Natl. Bank as Indenture Trustee v Poulin, 225 AD3d 962, 963 [3d Dept 2024]; Bank of N.Y. Mellon v Rutkowski, 148 AD3d 1341, 1342 [3d Dept 2017]).
Here, plaintiff contends that it established entitlement to summary judgment by virtue of attaching a copy of the note, indorsed in blank, to the complaint and alleging that it held the note and mortgage prior to commencement of the action. We disagree. Although the note was originated by plaintiff, it is clear from the indorsements that plaintiff lost possession of the note because there was a special indorsement from plaintiff to a third party, and then a second indorsement from that third party in blank; neither [*2]of these indorsements was dated. In support of its motion, plaintiff produced an affidavit from a representative of the loan servicer/attorney-in-fact based on his review of the servicer's records maintained in the ordinary course of business. In his July 2023 affidavit, the representative confirmed that the mortgage had been assigned to plaintiff prior to commencement of the action in December 2022. However, tellingly, the representative only averred that the servicer, as agent for plaintiff, presently maintained physical possession of the original note, indorsed in blank; the representative did not state when either plaintiff or the servicer obtained possession of the note.
Despite being the originator of the note, the record fails to demonstrate whether plaintiff reacquired the note prior to commencement of this action in order to satisfy its moving burden. Plaintiff's reliance on JP Morgan Chase Bank, N.A. v Venture (148 AD3d 1269, 1270-1271 [3d Dept 2017]) is misplaced. Although the type of indorsement was not identified in the decision that was handed down, we take judicial notice of the record filed in that matter and confirm that the note annexed to the complaint in Venture contained a special indorsement payable to only plaintiff (see record on appeal, vol 1 at 86, in JP Morgan Chase Bank, N.A. v Venture, 148 AD3d 1269 [3d Dept 2017], appeal No. 523018). This is materially different than here, where the note was indorsed in blank, meaning it was payable to any bearer of the instrument (see UCC 1-201 [b] [21] [B]), therefore requiring plaintiff to perform the additional step of proving possession at the time of commencement (see Towd Point Mtge. Trust 2015-5, U.S. Natl. Bank as Indenture Trustee v Poulin, 225 AD3d at 963; Bank of N.Y. Mellon v Rutkowski, 148 AD3d at 1342). Neither the moving attorney affirmation nor the affidavit of merit for the loan servicer/attorney-in-fact are sufficient to do so. We further reject plaintiff's contention that the complaint was sufficient to establish possession of the note at commencement, as the complaint contained conflicting allegations and was unverified, and therefore it lacked the evidentiary value to support such claim (see Matter of Jaime v City of New York, 41 NY3d 531, 542 [2024]; Kaloyeros v Fort Schuyler Mgt. Corp., 157 AD3d 1152, 1154 [3d Dept 2018]).[FN2] Accordingly, plaintiff failed to demonstrate that it had standing to commence this mortgage foreclosure action, and Supreme Court should have denied plaintiff's motion for summary judgment (see JP Morgan Chase Bank, N.A. v Caliguri, 36 NY3d at 954; U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d at 1172-1173; Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1377). We have examined the remaining contentions of the parties and have found them to be without merit or rendered academic.
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted [*3]the portion of plaintiff's motion against defendant Prime Property Protection, LLC for summary judgment; motion denied to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1: Supreme Court also granted a default judgment against the Smiths and issued an order of reference.

Footnote 2: Although it is true that plaintiff may plead in the alternative (see CPLR 3014) and was not required to verify the complaint in a foreclosure matter (see CPLR 3016; 3020), it is also true that an unverified complaint has no probative weight (see CPLR 105 [u]).