1900 Capital Trust II v Jakobovitz (2025 NY Slip Op 03848)

1900 Capital Trust II v Jakobovitz

2025 NY Slip Op 03848

Decided on June 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 26, 2025

CV-23-2413
[*1]1900 Capital Trust II, by US Bank Trust N.A., as Trustee, Respondent,
v
Yisroel Jakobovitz, Also Known as Yisroel Jakobovits, Appellant, et al., Defendants.

Calendar Date:March 26, 2025

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Kalter, Kaplan, Zeiger & Forman, Woodbourne (Ivan Kalter of counsel), for appellant.
Adam Leitman Bailey, PC, New York City (Courtney Killelea Lerias of counsel), for respondent.

Aarons, J.
Appeal from an order of the Supreme Court (Stephan Schick, J.), entered May 31, 2023 in Sullivan County, which, among other things, granted plaintiff's motion for summary judgment.
In 2005, defendant Yisroel Jakobovitz (hereinafter defendant) executed a note for $100,000 in favor of Bank of America, N.A., which note was secured by a mortgage on real property located in Sullivan County. The original note was lost, and a representative of Bank of America issued a lost note affidavit dated April 2015. Defendant subsequently defaulted on the note in September 2015. Around the same time, Bank of America assigned the mortgage to Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as Trustee for BCAT 2015-14BTT (hereinafter Wilmington). Wilmington commenced a foreclosure action in 2016 against defendant (hereinafter the first action); however, following a nonjury trial, Supreme Court (Meddaugh, J.) dismissed the action on the ground that Wilmington offered insufficient evidence to demonstrate its standing.
Wilmington, in November 2021, assigned the mortgage "together with the certain note(s)" to plaintiff. In July 2022, plaintiff commenced this foreclosure action asserting that defendant had defaulted under the terms of the note and mortgage by failing to timely make payments due and payable as of September 15, 2015. After issue was joined, defendant moved to, among other things, dismiss the complaint, arguing that plaintiff lacked standing. Plaintiff moved for summary judgment, submitting proof of its standing. Following oral argument, Supreme Court (Schick, J.) denied defendant's motion to dismiss the complaint and, among other things, granted plaintiff's motion for summary judgment. Defendant appeals.
"In order to establish entitlement to summary judgment in a foreclosure action, a plaintiff must produce evidence of the mortgage and unpaid note along with proof of the mortgagor's default" (Wilmington Sav. Fund Socy., FSB v LaFrate, 215 AD3d 1023, 1024 [3d Dept 2023] [internal quotation marks and citations omitted]; see U.S. Bank Trust, N.A. v Rose, 176 AD3d 1012, 1014 [2d Dept 2019]). Where, as here, a defendant raises standing as an affirmative defense, the plaintiff has the additional burden of demonstrating its standing by submitting proof that it was the holder or assignee of both the mortgage and the note at the time that the action was commenced (see United Wholesale Mtge., LLC v Smith, 237 AD3d 1339, 1340 [3d Dept 2025]; Towd Point Mtge. Trust 2015-5, U.S. Natl. Bank as Indenture Trustee v Poulin, 225 AD3d 962, 963 [3d Dept 2024]; U.S. Bank N.A. v Ioannides, 192 AD3d 1405, 1407 [3d Dept 2021]; Bayview Loan Servicing, LLC v Freyer, 192 AD3d 1421, 1422 [3d Dept 2021]).
As an initial matter, the original note was lost while it was in Bank of America's possession months before its alleged transfer to Wilmington, there is no evidence that the original note was indorsed to plaintiff[*2], and plaintiff never possessed the original note; therefore, plaintiff cannot establish standing as a holder of the note (see UCC 1-201 [b] [21] [A]; Bank of Am., N.A. v Sebrow, 180 AD3d 982, 985 [2d Dept 2020]; U.S. Bank Trust, N.A. v Rose, 176 AD3d at 1015; compare Wells Fargo Bank, N.A. v Meisels, 177 AD3d 812, 814-815 [2d Dept 2019]; Bank of N.Y. Mellon v Hardt, 173 AD3d 1125, 1127 [2d Dept 2019]; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739 [3d Dept 2015]).[FN1] Thus, plaintiff needs to demonstrate standing by written assignment (see Hummel v Cilici, LLC, 203 AD3d 1591, 1593-1594 [4th Dept 2022]; cf. Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362 [2015]). Because the note is lost, plaintiff's proof must also meet the requirements of UCC 3-804, "which is intended to provide a method of recovery on instruments that are lost, destroyed, or stolen" (U.S. Bank N.A. v Sansone, 230 AD3d 1183, 1184 [2d Dept 2024] [internal quotation marks and citation omitted]).[FN2] "Pursuant to UCC 3-804, . . . a plaintiff is required to submit 'due proof of [the plaintiff's] ownership, the facts which prevent [its] production of [the note,] and its terms' " (Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044 [2d Dept 2018] [citations omitted]; accord U.S. Bank N.A. v Sansone, 230 AD3d at 1184; see U.S. Bank Trust, N.A. v Rose, 176 AD3d at 1014).
Plaintiff submitted the April 2015 lost note affidavit, which was based upon the affiant's personal knowledge of Bank of America's record-keeping practices and review of the records. According to the affiant, good faith efforts were made in attempting to locate the original note once it was discovered lost; and, despite due diligence, the original note could not be located, which was not the result of a rightful transfer or seizure of the note. Also submitted was testimony of Zachary Chromiak, assistant vice president and consumer resolution specialist at Bank of America, given at the 2017 trial on the first action. Chromiak testified that, upon reviewing business records of Bank of America detailing the origination of the note and location where it was stored, the original note was discovered lost in 2014 after the collateral facility moved. Chromiak identified the files and records searched in attempting to locate the note and the necessary steps taken before the lost note affidavit could be completed. The business records relied upon by Chromiak, including the checklist setting forth when and by whom a search was conducted and the steps undertaken in searching for the note, were also included. The foregoing evidence was sufficient to establish "when the search for the lost note occurred, who conducted the search, and when and how the note was lost" (U.S. Bank N.A. v Sansone, 230 AD3d at 1184; see UCC 3-804). Additionally, the "copy of the note submitted by the plaintiff provided sufficient evidence of its terms" (Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d at 1044).
Plaintiff did not, however[*3], submit sufficient proof to establish standing and ownership of the lost note as a matter of law. In an attempt to establish standing through possession of the lost note (cf. Bank of N.Y. Mellon v Hardt, 173 AD3d at 1127), plaintiff submitted an undated allonge to the note specially indorsed from Bank of America to Wilmington, and another undated allonge specially indorsed from Wilmington to plaintiff. Those allonges were reviewed by an authorized representative of plaintiff's loan servicer and attorney-in-fact, who attested to her familiarity with the servicer's record-keeping practices. Relying in part on prior loan servicers' records, the representative affirmed that the loan was assigned from Bank of America to Wilmington by allonge firmly affixed to the copy of the note and lost note affidavit. The representative also affirmed the loan was then assigned to plaintiff by allonge firmly affixed to the copy of the note and lost note affidavit, by physical delivery of same with firmly affixed allonges, and by the above-mentioned assignments and corrective assignment. The representative further stated that plaintiff had possession of those documents at the time of the commencement of the instant action.
To transfer an instrument, however, "[a]n indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof" (UCC 3-202 [2]). The negotiable instrument here is the lost note, and we are aware of no authority recognizing that possession of a note that is already lost can be transferred just by affixing an undated specially indorsed allonge to a copy of the note and lost note affidavit (see UCC 3-104 [1], [2] [d]; 3-202 [1]; cf. OneWest Bank, N.A. v FMCDH Realty, Inc., 165 AD3d 128, 134 [2d Dept 2018]; compare Tirone v Buczek, 142 AD3d 1310, 1310 [4th Dept 2016], appeal dismissed 28 NY3d 1180 [2017]). To the extent the allonges in the record may be some evidence of plaintiff's ownership of the lost note (see UCC 3-804), the representative's discovery of the allonges is at odds with the testimony of Wilmington's witnesses in the first action, who did not claim to have located an allonge indorsed from Bank of America to Wilmington during their respective searches of the records. Nor did they testify that such an allonge transferred ownership of the note to Wilmington. This discrepancy within plaintiff's proof must be resolved by a factfinder (see Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d at 1044-1045).
Contrary to plaintiff's further contention — and as Supreme Court (Meddaugh, J.) found after trial in the first action — the 2015 assignment of the mortgage from Bank of America to Wilmington did not also assign the underlying lost note (compare U.S. Bank N.A. v Cope, 175 AD3d 527, 528 [2d Dept 2019]). Plaintiff also attached a document titled "Corrective Assignment of Mortgage," which was "made to correct" the September 2015 mortgage assignment from Bank of America [*4]to Wilmington because it "inadvertently omitted the express assignment of the underlying Note." That corrective assignment was executed in November 2022, and therefore cannot establish as a matter of law that plaintiff was an assignee of and/or owned the lost note when the action was commenced in July 2022 (see generally U.S. Bank N.A. v Onuoha, 216 AD3d 1069, 1071 [2d Dept 2023]).
In sum, evaluating plaintiff's proof in the light most favorable to defendant as nonmovant, there remain issues of fact and credibility with respect to plaintiff's ownership of the lost note at the time this action was commenced (see Nationstar Mtge. LLC v Goeke, 151 AD3d 1237, 1240 [3d Dept 2017]). As such, Supreme Court (Schick, J.) should have denied plaintiff's motion for summary judgment without regard for the sufficiency of defendant's proof (see U.S. Bank N.A. v Kohanov, 189 AD3d 921, 924 [2d Dept 2020]). The parties' remaining contentions, to the extent not covered by the reasoning above, have been assessed and are unavailing.
Clark, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order is modified, on the law, with costs to defendant Yisroel Jakobovitz, by reversing so much thereof as granted plaintiff's motion for summary judgment and an order of reference; motion denied; and, as so modified, affirmed.

Footnotes

Footnote 1: To the extent that plaintiff relies on Bank of N.Y. Mellon v Hardt (173 AD3d 1125), it would be inapplicable here. There, the Second Department held that, "as long as the affidavit of lost note meets the requirements of UCC 3-804, a mortgagee may establish standing based on its possession of the note, even where the original note has been lost" (id. at 1127 [emphasis added]). The note in that case was negotiated to the mortgagee and then subsequently lost while in the mortgagee's possession (see id. at 1126). Here, plaintiff's proof indicates that the note was lost before it could be negotiated to Wilmington or plaintiff by indorsement either on the note or by firmly affixed allonge. As such, and contrary to plaintiff's contention, plaintiff's proof does not demonstrate it ever had possession of the note, and so it cannot establish owner standing as a matter of law under Hardt (see generally Hummel v Cilici, LLC, 203 AD3d 1591, 1593-1594 [4th Dept 2022]).

Footnote 2: We agree with defendant's claim that the lost note affidavit, by itself, does not meet the requirements of UCC 3-804, but the statute is not limited to the affidavit, and Supreme Court correctly considered the trial record in the first action in assessing plaintiff's standing to enforce the lost note under UCC 3-804 (cf. U.S. Bank N.A. v Sansone, 230 AD3d at 1185; compare US Bank v Cadeumag, 81 Misc 3d 660, 667-675 [Sup Ct, Kings County 2023]).