U.S. Bank Natl. Assn. v Tecler (2020 NY Slip Op 06321)





U.S. Bank Natl. Assn. v Tecler


2020 NY Slip Op 06321


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

528492

[*1]U.S. Bank National Association, as Trustee, Respondent,
v
Robert W. Tecler, Appellant, et al., Defendants.

Calendar Date: September 10, 2020

Before: Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Sandra S. Poland Demars, Albany, for appellant.
RAS Boriskin, LLC, Westbury (Joseph F. Battista of counsel), for respondent.



Lynch, J.
Appeal from an order of the Supreme Court (Chauvin, J.), entered March 13, 2018 in Saratoga County, which granted plaintiff's motion for summary judgment.
In May 2006, defendant Robert W. Tecler (hereinafter defendant) executed a note to borrow $417,000 from First National Bank of Arizona, secured by a mortgage on certain real property in Saratoga County. After defendant failed to make the April 2010 payment, Aurora Bank, FSB, which was assigned the mortgage in June 2010, commenced a foreclosure action in October 2011. The mortgage was subsequently assigned to Nationstar Mortgage LLC in December 2012, which thereafter assigned the mortgage to plaintiff in February 2016. In March 2016, plaintiff commenced its own action to foreclose on the mortgage, also based on the April 2010 default in payment.[FN1] Defendant answered, contending that plaintiff lacked standing and failed to properly accelerate the debt, along with numerous other affirmative defenses. Plaintiff thereafter moved for summary judgment. Supreme Court granted the motion, and defendant appeals.[FN2]
We affirm. When a defendant raises a standing defense in a mortgage foreclosure action, the plaintiff is required to show that it has standing entitling it to affirmative relief (see U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d 1169, 1171 [2019]). A plaintiff has standing to commence an action to foreclose on a mortgage when it is the holder or assignee of both the note and mortgage (see id.). The note is the dispositive document, which must be received by either assignment or physical delivery prior to the commencement of the action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]). To address this contention, plaintiff submitted the affidavit of April Martin, a Nationstar document specialist, who averred, "based on [her] personal knowledge and [her] review of business records," that Nationstar received physical possession of the original note on March 10, 2013 — a point in time when Nationstar had been assigned the mortgage. Martin explained, as set forth in an attached limited power of attorney, that plaintiff appointed Nationstar its servicing agent and attorney in fact as of August 2013. Martin also confirmed that Nationstar continued to hold the original note. These submissions demonstrate that plaintiff had possession of the original note, through Nationstar, establishing standing to commence the action (see BAC Home Loans Servicing, LP v Uvino, 155 AD3d 1155, 1158 [2017]). Defendant failed to raise a question of fact demonstrating otherwise. Because the allonge to the note was endorsed in blank, plaintiff's physical possession entitled plaintiff, as holder, to enforce the note, notwithstanding defendant's challenge to a signature on one of the initial assignments to a predecessor in interest (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; BAC Home Loans Servicing, LP v Uvino, 155 AD3d at 1158).
Defendant's further contention that plaintiff failed to properly accelerate the debt is unavailing. The debt was originally accelerated when Aurora commenced the first action in 2011. Contrary to defendant's thesis, there is no express provision in the mortgage that required Aurora to first deaccelerate the mortgage before plaintiff could commence the second foreclosure action. Nor does defendant cite to any authority imposing such a requirement. We take note that plaintiff timely commenced this action within six years from the initial acceleration date. We find defendant's remaining contentions without merit.
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The action commenced by Aurora was discontinued in September 2016.

Footnote 2: Contrary to plaintiff's assertion, defendant's right of direct appeal from the subject order did not terminate upon entry of the ensuing judgment of foreclosure and sale (see BAC Home Loans Servicing, LP v Uvino, 155 AD3d 1155, 1156 n 2 [2017]).