Wells Fargo Bank, N.A. v Stranahan (2022 NY Slip Op 05191)

Wells Fargo Bank, N.A. v Stranahan

2022 NY Slip Op 05191

Decided on September 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 15, 2022

533973
[*1]Wells Fargo Bank, N.A., Respondent,
v
Richard Stranahan, Also Known as Richard K. Stranahan, et al., Defendants, and Guardian Preservation, LLC, Appellant.

Calendar Date:August 18, 2022

Before:Garry, P.J., Lynch, Aarons, Ceresia and Fisher, JJ.

Sandra Poland Demars, Albany, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains (Morgan R. McCord of counsel), for respondent.

Lynch, J.
Appeal from an order of the Supreme Court (Vito C. Caruso, J.), entered July 29, 2021 in Warren County, which, among other things, granted plaintiff's motion for summary judgment against defendant Guardian Preservation, LLC.
In September 2005, defendants Richard Stranahan and Jean Stranahan executed a note to borrow $108,000 from plaintiff, secured by a mortgage on real property located in Warren County. Plaintiff commenced this mortgage foreclosure action in July 2012 against the Stranahans and others, alleging that the Stranahans had defaulted on payments due on the loan. After the named defendants failed to answer, Supreme Court (Muller, J.) issued an order of reference on default appointing a referee to ascertain and compute the amount due to plaintiff. Following receipt of the referee's report, a judgment of foreclosure and sale was issued in March 2015, and the property was subsequently sold at a public auction to a third-party purchaser, Sycamore Valley, LLC (hereinafter Sycamore).
Shortly after the sale, but before a referee's deed was issued to the purchaser (see RPAPL 1353), plaintiff learned that the Stranahans had conveyed their interest in the subject property to defendant Guardian Preservation, LLC (hereinafter Guardian) via a quitclaim deed recorded in March 2012 — several months before the action was commenced. Having failed to name Guardian as a party in the foreclosure action, plaintiff informed the referee that rescission of the sale was necessary. The referee refunded Sycamore's deposit accordingly. Thereafter, in an order entered August 30, 2016, Supreme Court granted a motion by plaintiff for leave to file and serve a supplemental summons, amended complaint and amended notice of pendency to add Guardian as a defendant in the foreclosure action (see CPLR 1018). Upon receipt, Guardian answered, asserted various affirmative defenses — including lack of standing — and interposed a counterclaim to quiet title, seeking a declaration that it was the sole owner of the property free and clear of encumbrances. Guardian thereafter moved for summary judgment to dismiss the amended complaint and on its counterclaim to quiet title. In support of the former, Guardian argued, among other things, that plaintiff lacked standing to pursue the foreclosure action because the amended complaint did not demonstrate that plaintiff had physical possession of the original note at the time that the action was commenced or at any time thereafter. As for its counterclaim to quiet title, Guardian reasoned that, once plaintiff conducted the foreclosure sale, "its mortgage lien was foreclosed, and since the foreclosure action did not name Guardian . . ., the owner of the real property, as a [d]efendant, Guardian's ownership interest was not affected by the . . . sale."
Plaintiff opposed the motion and cross-moved to set aside the May 2015 foreclosure sale, emphasizing that it had standing to commence the foreclosure action as the original lender and annexing [*2]the consolidated note to the original complaint. While the referee rescinded the sale, plaintiff's attorney acknowledged that the sale "was never properly rescinded by a court order." Supreme Court (Caruso, J.) denied Guardian's motion for summary judgment and denied plaintiff's cross-motion to set aside the sale, without prejudice, noting that plaintiff had failed to serve its papers on Sycamore. Thereafter, plaintiff filed a consolidated motion in which it again sought to set aside the foreclosure sale. Plaintiff additionally sought to strike Guardian's answer and dismiss the counterclaim, and to vacate and reissue the order of reference and judgment of foreclosure and sale, nunc pro tunc, to include Guardian as a defendant.
As relevant here, Supreme Court, by decision and order entered in July 2021, struck Guardian's answer and counterclaim and rescinded the foreclosure sale held in May 2015.[FN1] The court found that plaintiff established standing by "offer[ing] the required proof of the consolidated note and mortgage agreement signed by the Stranahans and proof of their default," as well as an affidavit from a document specialist demonstrating that plaintiff "physically possessed the consolidated note indorsed in blank at the time it commenced the action." The court further dismissed Guardian's counterclaim, noting that plaintiff had amended the caption, with leave of court, adding Guardian as a defendant in the foreclosure action and properly filed successive notices of pendency after the initial lis pendens expired (see CPLR 1018; 6516 [a]; RPAPL 1331). The court declined, however, to vacate and reissue the order of reference and judgment of foreclosure and sale nunc pro tunc, finding that plaintiff's failure to add a necessary party was not an "irregularity or error" justifying nunc pro tunc relief. Guardian appeals.
Plaintiff maintains that the appeal is moot because the property was sold in January 2022 and a referee's deed has been issued to a third-party purchaser (see RPAPL 1353 [1]). Because Guardian failed to obtain a stay pending appeal pursuant to CPLR 5519, we agree that the appeal is moot (see Matter of Huntington Hebrew Congregation of Huntington v Tanenbaum, 62 AD3d 704, 704 [2d Dept 2009], lv dismissed and denied 13 NY3d 854 [2009]). In so holding, we are mindful that Supreme Court declined to amend the judgment of foreclosure and sale nunc pro tunc. Nonetheless, in its August 2016 order, Supreme Court directed that Guardian's rights would be extinguished upon a sale conducted pursuant to the judgment of foreclosure previously issued in March 2015 if Guardian defaulted in answering. Thereafter, the court struck Guardian's answer on the merits and the record supports the court's determination that plaintiff had standing (see JPMorgan Chase Bank, N.A. v Caliguri, 36 NY3d 953, 954 [2020], cert denied ___ US ___, 142 S Ct 110 [2021]). It also bears emphasis that the May 2015 referee sale was never consummated and, as a consequence[*3], plaintiff retained its right to foreclose against Guardian's interest in the property. This case does not present a reforeclosure situation (see RPAPL 1503).
Garry, P.J., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the appeal is dismissed as moot, without costs.

Footnotes

Footnote 1: Supreme Court did not provide an explanation for its decision to set aside the May 2015 foreclosure sale, but implicitly found that plaintiff had remedied the deficiencies that resulted in the denial of its original request.