Flat Rock Mtge. Inv. Trust, c/o US Bank Trust N.Assn. v Lott (2023 NY Slip Op 01555)

Flat Rock Mtge. Inv. Trust, c/o US Bank Trust N.Assn. v Lott

2023 NY Slip Op 01555

Decided on March 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023

534546
[*1]Flat Rock Mortgage Investment Trust, c/o US Bank Trust National Assocation, Respondent,
v
Benjamin M. Lott et al., Defendants, and Sabrina Lott, Appellant.

Calendar Date:January 12, 2023

Before:Garry, P.J., Egan Jr., Lynch and McShan, JJ.

Sandra Poland Demars, Albany, for appellant.
Stern & Eisenberg, PC, Lagrangeville (Arsenio D. Rodriquez of counsel), for respondent.

Lynch, J.
Appeal from an order of the Supreme Court (Patrick J. McGrath, J.), entered November 24, 2021 in Rensselaer County, which, among other things, granted plaintiff's motion for summary judgment.
In October 2008, defendant Sabrina Lott (hereinafter defendant) and her ex-husband, defendant Benjamin M. Lott, executed a note to borrow $212,411 from M & T Bank, secured by a mortgage on real property in Rensselaer County. The loan was modified in 2011, with the principal balance increased to $220,996.39. In October 2013, the mortgage was assigned to the Secretary of Housing and Urban Development (hereinafter HUD), and assigned to plaintiff in March 2014.[FN1] In 2015, the parties entered into a Home Affordable Modification Agreement, increasing the principal balance on the note to $269,603.72 and extending the maturity date to December 1, 2054. After defendant defaulted on the payments due, plaintiff initiated this foreclosure action in May 2018. Issue was joined, and Supreme Court eventually granted plaintiff's motion for summary judgment. Defendant appeals.
We affirm. To begin, we agree with Supreme Court that plaintiff complied with the notice requirements of RPAPL 1304. Under that provision, a 90-day advance notice of a potential foreclosure action must be sent "to the borrower, by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (RPAPL 1304 [2]; see JPMorgan Chase Bank N.A. v Futterman, 173 AD3d 1496, 1498 [3d Dept 2019]; see generally Bank of Am. v Kessler, ___ NY3d ___, 2023 NY Slip Op 00804, *1 [Feb. 14, 2023]). Here, plaintiff provided affidavits of mailing the required notice to both the residence address and an alternative address on Union Street in the City of Schenectady contained in plaintiff's records. The record shows that alternative address was the former law office of defendant's attorney. Defendant's contention that this discrepancy invalidates the notice is unavailing. The very concept of a "last known address" anticipates that a borrower who moves out of a residence would inform a lender of a forwarding address. Consistently, paragraph 13 of the mortgage specifies that any required notice must be sent to the property address "or any other address [b]orrower designates by notice to lender." The operative point here is that defendant made no showing that she provided plaintiff with a last known address, apart from the residence at hand.
We further conclude that Supreme Court correctly determined that plaintiff established standing, obviating the need for further discovery on the issue. Plaintiff attached a copy of the note to the complaint, which includes an endorsement to HUD and a blank endorsement marked void. Also included is an allonge from HUD making the note payable to the order of plaintiff. Plaintiff also provided an affidavit from a representative of the loan servicer based on her review of the records maintained by the [*2]servicer in the ordinary course of business (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738-739 [3d Dept 2015]). The representative averred that plaintiff has maintained possession of the original note since November 6, 2013 and was "the current holder of the original Note and Mortgage." Significantly, defendant entered into the loan modification agreement with plaintiff in 2015. This record supports the court's determination that plaintiff had standing (see JPMorgan Chase Bank, N.A. v Caliguri, 36 NY3d 953, 954 [2020], cert denied ___ US ___, 142 S Ct 110 [2021]; Wells Fargo Bank, N.A. v Stranahan, 208 AD3d 1489, 1490-1491 [3d Dept 2022]).
Finally, defendant asserts that plaintiff is precluded from maintaining this action because it is an out-of-state investment trust and not a mortgage lender. We disagree. Plaintiff readily concedes that it is not a mortgage lender, and that the original loan was issued by M & T Bank, a mortgage lender situate in New York. Banking Law § 200 expressly authorizes a "foreign banking corporation[ ] which [does] not maintain an office in this state for the transaction of business . . . [to] enforce[e] in this state obligations . . . acquired by it" (Banking Law § 200; see Commonwealth Bank & Trust Co. v Tioga Mills, 78 AD2d 953, 953 [3d Dept 1980]). Having acquired the note and mortgage for purposes of enforcement, plaintiff is authorized to maintain this action.
Garry, P.J., Egan Jr. and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: We take note that the assignment from HUD to plaintiff was signed by a representative of plaintiff pursuant to a limited power of attorney, which is included in the record on appeal, issued by HUD on November 14, 2013. That same power of attorney authorized plaintiff's representative to endorse the note to plaintiff.