U.S. Bank Trust, N.A. v Greer (2024 NY Slip Op 00343)

U.S. Bank Trust, N.A. v Greer

2024 NY Slip Op 00343

Decided on January 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 25, 2024

CV-22-1874
[*1]U.S. Bank Trust, N.A., as Trustee, Respondent,
v
Paul L. Greer Jr., Also Known as Paul L. Greer, et al., Appellants, et al., Defendants.

Calendar Date:December 14, 2023

Before:Egan Jr., J.P., Pritzker, Ceresia, Fisher and Powers, JJ.

Alsaidi Chang & Hamdan, LLC, Paterson, New Jersey (Joseph A. Chang of counsel), for appellants.
Day Pitney LLP, New York City (Christina A. Livorsi of counsel), for respondent.

Fisher, J.
Appeals (1) from an order of the Supreme Court (Jonathan D. Nichols, J.), entered June 23, 2022 in Columbia County, which granted plaintiff's motion for summary judgment, and (2) from an order of said court, entered August 31, 2022 in Columbia County, which denied a motion by defendants Paul L. Greer Jr. and Laura A. Walsh to dismiss the complaint against them.
In July 2005, defendant Paul L. Greer Jr. executed a note to borrow a certain sum from Accredited Home Lenders, Inc., secured by a mortgage executed by Greer and defendant Laura A. Walsh (hereinafter collectively referred to as defendants), against real property located in the Town of Kinderhook, Columbia County. In July 2019, plaintiff, which had acquired the note and the mortgage, commenced this foreclosure action alleging that defendants had failed to make payments due since September 2013. Defendants answered, asserting various affirmative defenses, including lack of standing and failure to comply with the notice requirements of RPAPL 1304. Plaintiff moved for summary judgment and the appointment of a referee, which was opposed by defendants, who subsequently filed a separate motion to dismiss the foreclosure action on several grounds, including lack of standing, failure to state a cause of action and failure to comply with RPAPL 1304. Relying on moving affidavits and documentary evidence, Supreme Court granted plaintiff's motion for summary judgment and denied defendants' motion to dismiss. Defendants appeal.
We agree with Supreme Court that plaintiff established standing by producing evidence of the note along with proof of the mortgagor's default (see U.S. Bank N.A. v Ioannides, 192 AD3d 1405, 1407 [3d Dept 2021]). Specifically, the affidavit of an assistant secretary for the mortgage loan servicer confirmed, based on her review of electronic records that were created and maintained in the regular course of her employer's business, that defendants defaulted on their obligations under the note and mortgage beginning in September 2013 and had not made any payments or attempted to cure such default (see Bayview Loan Servicing, LLC v Freyer, 192 AD3d 1421, 1423 [3d Dept 2021]; U.S. Bank Trust, N.A. v Moomey-Stevens, 189 AD3d 1790, 1791-1792 [3d Dept 2020]). Additionally, she confirmed that plaintiff received physical possession of the original note in August 2017, which was prior to the commencement of the litigation in July 2019 — a point corroborated by an affirmation from plaintiff's attorney, who averred that the note was endorsed in blank and attached to the complaint (see U.S. Bank N.A. v Ioannides, 192 AD3d at 1407; Deutsche Bank Natl. Trust Co. v LeTennier, 189 AD3d 2022, 2023 [3d Dept 2020]). Based upon this showing, the burden shifted to defendants to establish through competent and admissible evidence the existence of a material issue of fact (see U.S. Bank N.A. v Ioannides, 192 AD3d at 1408). However, their opposition challenging plaintiff's possession of the note was insufficient [*2]because it was self-serving, conclusory and based upon speculation (see Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1076 [3d Dept 2017], lv dismissed 33 NY3d 1128 [2019]; JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1200 [3d Dept 2017]). For similar reasons, Supreme Court correctly denied the branches of defendants' motion to dismiss for a failure to state a cause of action and lack of standing (see Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 92 [2d Dept 2021]; Lasalle Bank Natl. Assn. v Kosarovich, 31 AD3d 904, 906 [3d Dept 2006]).
Turning next to defendants' RPAPL 1304 challenge, under this section lenders, assignees or mortgage loan servicers must, at least 90 days prior to commencing an action to foreclose a mortgage on a home loan, provide advance notice to the borrowers of a potential foreclosure action "by registered or certified mail and also by first-class mail to the last known address of the borrower[s], and to the residence that is the subject of the mortgage" (RPAPL 1304 [2]; see RPAPL 1304 [1]; Flat Rock Mtge. Inv. Trust v Lott, 214 AD3d 1221, 1222 [3d Dept 2023]). In order to establish compliance with section 1304, lenders may provide "either evidence of actual mailing or proof of a sender's routine business practice with respect to the creation, addressing, and mailing of documents of that nature" (Bank of Am., N.A. v Kessler, 39 NY3d 317, 328 [2023] [internal quotation marks and citation omitted]). Evidence of a regularly-followed office procedure may give rise to a rebuttable presumption that such notice was mailed to and received by the borrower (see CIT Bank N.A. v Schiffman, 36 NY3d 550, 556 [2021]), but such evidence must show that the notices were duly addressed and mailed for the presumption to arise and that the office procedure was "geared so as to ensure the likelihood that [such] notice . . . is always properly addressed and mailed" (Nassau Ins. Co. v Murray, 46 NY2d 828, 830 [1978]; see CIT Bank N.A. v Schiffman, 36 NY3d at 556). Although a denial of receipt is generally insufficient to rebut this presumption, evidence of a "material deviation" or "defect [that] casts doubt on the reliability of a key aspect of the process . . . [whether] the notice was properly prepared and mailed" could be sufficient to rebut this presumption (CIT Bank N.A. v Schiffman, 36 NY3d at 557).
Here, according to two affidavits of mailing sworn to by Kolette Modlin, authorized officer of Caliber Home Loans, Inc. serving as attorney-in-fact for plaintiff, each defendant was individually sent notices to the address of the subject property and to an address in Ocean, New Jersey. The record contains copies of these notices demonstrating compliance with the formalities of RPAPL 1304, and further includes the mailing transaction with the US Postal Service confirming the mailing addresses indicated in Modlin's affidavit. As it relates to these points, defendants' counsel conceded at oral argument that plaintiff complied with [*3]RPAPL 1304 as it relates to the Kinderhook address, which he also confirmed was defendants' primary residence and is the subject property, but took issue with Modlin's affidavit and the mailing to the Ocean address. However, these points become semantic, as, although it is true that plaintiff sent notices to an unknown address in New Jersey, defendants do not contend that the correct New Jersey address was their "last known address" for the purposes of RPAPL 1304 notice. Nor do defendants contend, or does the record reveal, any notice by defendants to plaintiff of an updated address in New Jersey — as required by the note and mortgage (see Flat Rock Mtge. Inv. Trust v Lott, 214 AD3d at 1222). Indeed, service of process occurred at the subject property in Kinderhook, wherein the affidavit of service avers that a neighbor confirmed that defendants lived at the subject property. Despite defendants providing a mortgage statement sent by Caliber Home Loans, Inc. to their correct New Jersey address, such notice was from 2017 — approximately two years before the commencement of the instant action. When further considering other factors such as the affidavit of service to the Kinderhook address and the fact that defendants do not identify their "last known address" other than from their attorney's concessions at oral argument, defendants have not provided evidence of a "material deviation" or a defect that "casts doubt" on a key aspect of the mailing process (CIT Bank N.A. v Schiffman, 36 NY3d at 557); thus, they have not rebutted the presumption that the notices were properly mailed and received by them. Therefore, Supreme Court properly granted plaintiff's motion for summary judgment and, for similar reasons, correctly denied defendants' motion to dismiss (see Flat Rock Mtge. Inv. Trust v Lott, 214 AD3d at 1222; JPMorgan Chase Bank N.A. v Futterman, 173 AD3d 1496, 1498 [3d Dept 2019]). We have examined the parties' remaining contentions and have found them to be without merit or rendered academic.
Egan Jr., J.P., Pritzker, Ceresia and Powers, JJ., concur.
ORDERED that the orders are affirmed, with costs.