Towd Point Mtge. Trust 2015-5, U.S. Natl. Bank v Poulin (2024 NY Slip Op 01221)

Towd Point Mtge. Trust 2015-5, U.S. Natl. Bank v Poulin

2024 NY Slip Op 01221

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

CV-22-2080
[*1]Towd Point Mortgage Trust 2015-5, U.S. National Bank as Indenture Trustee, Respondent,
v
Kay Poulin et al., Defendants, and Prime Property Protection, LLC, Appellant.

Calendar Date:January 17, 2024

Before:Aarons, J.P., Pritzker, Lynch, Fisher and Mackey, JJ.

Sandra Poland Demars, Albany, for appellant.
Hinshaw & Culbertson LLP, New York City (Edward K. Lenci of counsel), for respondent.

Lynch, J.
Appeal from an order of the Supreme Court (Michael R. Cuevas, J.), entered October 24, 2022 in Schenectady County, which granted plaintiff's motion for summary judgment.
In November 2007, defendant Kay Poulin (hereinafter defendant) executed a note to borrow $133,984 from JP Morgan Chase Bank, N.A., secured by a mortgage on real property in Schenectady County. As set forth in an allonge attached to the note, the note was subsequently made payable to Chase Home Finance, LLC. In October 2010, defendant entered into a Home Affordable Modification Agreement with Chase Home Finance, LLC, increasing the principal balance on the note to $139,016 and extending the maturity date to January 1, 2038. Defendant defaulted on payments due in 2018. Thereafter, the mortgage was assigned to plaintiff in April 2020. Plaintiff initiated this mortgage foreclosure action in March 2021. Only defendant Prime Property Protection, LLC answered the complaint, primarily challenging plaintiff's standing to commence the action.[FN1] Thereafter, Supreme Court granted plaintiff's motion for summary judgment. Prime Property Protection, LLC appeals.
We affirm. When, as here, a defendant raises standing as a defense, the plaintiff is required to establish, "as a matter of law, that it had standing to foreclose" (JPMorgan Chase Bank, N.A. v Caliguri, 36 NY3d 953, 954 [2020], cert denied 595 US ___, 142 S Ct 110 [2021]; see U.S. Bank N.A. v Tecler, 188 AD3d 1320, 1321 [3d Dept 2020]). A plaintiff may establish standing where it is either the holder or assignee of both the note and mortgage when the action is commenced (see Bayview Loan Servicing, LLC v Freyer, 192 AD3d 1421, 1422 [3d Dept 2021]). Here, plaintiff attached a copy of the note, together with the allonge, to the complaint. Notably, Chase Home Finance, LLC endorsed the allonge in blank, allowing for holder status to be established where the plaintiff possesses the note (see Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [3d Dept 2015]; see also UCC 1-201 [b] [21]). To address standing, plaintiff provided an affidavit from a representative of the loan servicer/attorney-in-fact based on her review of the servicer's records maintained in the ordinary course of business (see Velocity Invs., LLC v Lymon, 218 AD3d 1091, 1092 [3d Dept 2023]; Flat Rock Mtge. Inv. Trust v Lott, 214 AD3d 1221, 1222 [3d Dept 2023]; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738-739 [3d Dept 2015]). The representative confirmed, through the servicer's custodian, that plaintiff had physical possession of the original note on October 16, 2020 and also transferred the original note to plaintiff's counsel in December 2021. This record supports Supreme Court's determination that plaintiff had standing, obviating the need for any further discovery on the issue (see JPMorgan Chase Bank, N.A. v Caliguri, 36 NY3d at 954; Flat Rock Mtge. Inv. Trust v Lott, 214 AD3d at 1222; Wells Fargo Bank, N.A. v Stranahan, 208 AD3d 1489, 1490-1491 [3d Dept 2022[*2]]; U.S. Bank N.A. v Ioannides, 192 AD3d 1405, 1407-1408 [3d Dept 2021]; U.S. Bank N.A. v Tecler, 188 AD3d at 1322).
Aarons, J.P., Pritzker, Fisher and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Prime Property Protection, LLC acquired deed title from defendant in June 2020.