NewRez LLC v Morton (2025 NY Slip Op 05305)

NewRez LLC v Morton

2025 NY Slip Op 05305

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Manzanet-Daniels, J.P., Friedman, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 850098/17|Appeal No. 4815-4815A-4815B|Case No. 2024-05483 2024-06166 2024-06167|

[*1]NewRez LLC, Plaintiff-Respondent,
v
Patsy J. Morton, Defendant-Appellant, Allen J. Morton et al., Defendants. 

Patsy J. Morton, appellant pro se.
Friedman Vartolo LLP, Garden City (Stephen J. Vargas of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered on or about October 4, 2024, which, to the extent appealed from as limited by the briefs, denied defendant Patsy J. Morton's (defendant) motion to vacate the foreclosure sale, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered August 1, 2024, which granted plaintiff's motion for an extension of time to conduct a foreclosure sale, unanimously dismissed, without costs, as moot. Appeal from order, same court and Justice, entered on or about September 19, 2024, which, to the extent appealable, denied defendant's motion for leave to renew her opposition to plaintiff's motion for an extension of time, unanimously dismissed, without costs, as moot.
Defendant's appeal from the August 1, 2024 order ratifying the judicial sale that occurred on May 24, 2023 is moot. Title was ultimately transferred on August 14, 2024, and the appeal from that order does not seek restitution (see Wells Fargo Bank, N.A. v Stranahan, 208 AD3d 1489, 1491 [3d Dept 2022]; see also Globe Trade Capital, LLC v Hoey, 199 AD3d 764, 766 [2d Dept 2021], lv dismissed 38 NY3d 1164 [2022]).
Defendant's appeal from the order denying her motion to renew is also moot. In any event, the purported new facts would not have changed the court's determination, nor did she give a reasonable justification for previously omitting them (see CPLR 2221[e][2], [3]).
Defendant's various arguments concerning the propriety of the judgment of foreclosure and sale and the interlocutory orders preceding it, including whether the motion court properly considered various assignments of mortgage, whether plaintiff had standing, whether certain mortgages were invalid, the applicability of the Foreclosure Abuse Prevention Act, and various purported irregularities associated with the court's consideration of these papers, go to the propriety of the judgment. This Court may not review those matters, as the judgment of foreclosure and sale entered February 15, 2022 was final as to them (see Dulberg v Ebenhart, 68 AD2d 323, 327 [1st Dept 1979]), the judgment is not currently being appealed, and none of those matters concern the foreclosure sale proceedings.
This Court declines to sanction defendant for citing four nonexistent cases. Although such citations should generally warrant sanctions, and a party's pro se status should not render the party immune, in this instance the Court is mindful to afford leniency to the pro se defendant (see Dowlah v Professional Staff Congress [PSC-CUNY], 227 AD3d 609, 610 [1st Dept 2024], lv denied 42 NY3d 911 [2025]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025